IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Eastern Division

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OPTION CARE HEALTH, INC.,<br><br>Defendant. | CIVIL ACTION NO._____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NATURE OF THE ACTION

This is an action under the Pregnant Workers Fairness Act ("PWFA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of childbirth and related medical conditions and to provide appropriate relief to Charging Party Kathryn Kelehan ("Charging Party"). As described with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC") alleges that Defendant Option Care Health, Inc. ("Defendant") failed to provide a reasonable accommodation to Charging Party that would have allowed her to perform her job while pregnant and constructively discharged her from her position.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 104 of the PWFA, 42 U.S.C. § 2000gg-2(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The practices alleged to be unlawful were committed within the jurisdiction of the

1

United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the PWFA, and is expressly authorized to bring this action pursuant to Section 104(a) of the PWFA, 42 U.S.C. § 2000gg-2(a).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the Commonwealth of Massachusetts and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 102(2)(B)(i) of the PWFA, 42 U.S.C. § 2000gg(2)(B)(i).

6. At all relevant times, Defendant has been a covered entity under Section 102(2) of the PWFA, 42 U.S.C. § 2000gg(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Charging Party filed a Charge of Discrimination with the EEOC alleging that Defendant violated the PWFA.

8. On June 18, 2025, after an investigation, the EEOC issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the PWFA and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC then engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. On June 24, 2025, the EEOC issued Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Option Care Health, Inc., an independent provider of infusion therapy, provides patients with in-home and virtual patient services, including in-person medication infusion therapy services, and operates its own pharmacies and infusion clinics nationwide.

14. On or about October 2022, Charging Party began working for Defendant as a part-time Infusion Nurse out of Defendant's New Haven, Connecticut location.

15. In her role as an Infusion Nurse, Charging Party attended to patient needs, including providing medication intravenously to patients, typically in their homes.

16. In or about March 2023, Charging Party relocated to Rochester, New Hampshire, and began working out of Defendant's Massachusetts office.

17. Around the time of her relocation, Charging Party informed Regional Nurse Manager Danielle Davis that she was pregnant.

18. On or about May 2, 2023, Charging Party emailed Nursing Supervisor Lisa Anderson and Regional Nurse Manager Davis, advising that her provider recommended that she limit her driving time to address pain she was experiencing in her back and legs in connection with her pregnancy.

19. Charging Party requested "either shorter commutes (currently, I average about 1.5-2 hours one way) and/or possibly transitioning to virtual admissions/visits for the remainder of my pregnancy."

20. Charging Party provided Regional Nurse Manager Davis with a list of towns within an hour's drive of her home that she would be comfortable traveling to for work

assignments.

21. In the following weeks, Defendant continued to assign Charging Party to patients beyond the driving time limits she requested in her May 2, 2023 correspondence.

22. There were patient visit assignments available within a 45–60-minute drive of Charging Party's home.

23. On or about June 7, 2023, Charging Party again emailed managers Davis and Anderson to request an accommodation for her pregnancy-related condition.

24. On or about June 14, 2023, Ms. Davis told Charging Party to open a claim with Defendant's third-party administrator, Unum.

25. Charging Party did so on or about June 14, 2023.

26. Unum evaluated Charging Party's request as a request for leave and under the standards set forth in the Americans with Disabilities Act (ADA).

27. On or about June 20, 2023, Charging Party emailed managers Davis and Anderson attaching a note from her provider that read: "It is my medical opinion that [Charging Party] should have her commute time reduced and restricted to 45 minutes each way. She is currently 32 weeks pregnant. If you have any questions, please do not hesitate to contact the office."

28. On or about June 22 and 23, 2023, Defendant again scheduled Charging Party to see patients outside of her requested driving time limits.

29. On or around that time, Charging Party informed managers Davis and Anderson that she was unable to handle her assignments due to her provider's recommended driving time restrictions due to her pregnancy-related condition. She again followed up about her requested reasonable accommodable.

30. Ms. Davis responded to Charging Party to say that Defendant "need[ed]

everything completed on Unums [sic] end to proceed with any accommodation."

31. Defendant did not accommodate Charging Party on June 22 or 23, 2023.

32. There were patient visit assignments available within a 45–60-minute drive of Charging Party's home.

33. The PWFA went into effect on June 27, 2023.

34. Unum did not have a process in place for evaluating Charging Party's request under the Pregnant Workers Fairness Act (PWFA), and continued to evaluate Charging Party's request as a request for leave under the Americans with Disabilities Act (ADA).

35. On June 27, 2023, Charging Party forwarded to Nursing Supervisor Anderson her June 7, 2023 email informing her and Regional Nurse Manager Davis that she was seeking a reasonable accommodation for a pregnancy-related condition.

36. On or about June 27, 2023, Charging Party also emailed Defendant's Human Resources email address, stating:

> I have asked my manager and supervisor for accommodations regarding travel time to patients [sic] homes and switching to telework/temporary reassignment of my duties as a field nurse. With the new Pregnant Workers' Fairness Act being passed, I believe these accommodations should be made. My claim through Unum has not process (sic) as of today and my next days of work are the 29th and 30th. I had to call out of work last week due to the lack of accommodations I received because my Unum claim was not processed. Can you please help me with this. I am not receiving any feedback from my manager/supervisor and cannot afford to miss anymore work. Thank you.

37. On the same day, Charging Party emailed managers Davis and Anderson a link to the EEOC's webpage on "Pregnancy Discrimination and Pregnancy-Related Disability Discrimination" at https://www.eeoc.gov/pregnancy-discrimination, and stated:

> Not sure if this act being passed changes [OCH] waiting to make accommodations for my pregnancy based on my Unum claim. From what I've read, asking for accommodations such as telework, temporary reassignment, decreasing hours worked are all reasonable accommodations under this new act. It was passed today, so figured I'd forward it to you both.

38. Ms. Davis responded to Charging Party later that day, stating that Charging Party's accommodation request "is 100% handled on Unum's end to make sure everything is handled properly."

39. At no point following June 27, 2023 did Defendant grant Charging Party a reasonable accommodation for her pregnancy-related condition.

40. Left without other options, and being required to choose between her health in pregnancy and her position with Defendant, Charging Party was forced to resign effective July 19, 2023.

41. As a result of Defendant's actions, Charging Party suffered damages.

## STATEMENT OF CLAIMS

42. Since approximately June 27, 2023, Defendant has engaged in unlawful employment practices in violation of Section 103(1) of the PWFA, 42 U.S.C. § 2000gg-1(1), by failing to make reasonable accommodations to known limitations related Charging Party's childbirth or related medical conditions.

43. Since approximately June 27, 2023, Defendant has engaged in unlawful employment practices in violation of Section 103(5) of the PWFA, 42 U.S.C. § 2000gg-1(5), by constructively discharging Charging Party because of her request for a reasonable accommodation for known limitations related to her childbirth or related medical conditions.

44. The unlawful employment practices complained of above were intentional.

45. The unlawful employment practices complained of above were done with malice or with reckless indifference to Charging Party's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from failing to make reasonable accommodations to the known limitations related to a qualified employee's pregnancy, childbirth, or related medical conditions.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from denying employment opportunities to, or taking adverse actions against, a qualified employee because of that employee's request or use of a reasonable accommodation to the known limitations related to the employee's pregnancy, childbirth, or related medical conditions, or because of the need to make such an accommodation.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals under the PWFA and that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Charging Party whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

     G.     Order Defendant to pay Charging Party punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

     H.     Grant such further relief as the Court deems necessary and proper to the public interest.

     I.     Award the EEOC its costs of this action.

<u>JURY TRIAL DEMANDED</u>

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 29, 2025

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

    ANDREW ROGERS
    Acting General Counsel

    CHRISTOPHER LAGE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    131 M Street, NE
    Washington, D.C., 20507

    KIMBERLY A. CRUZ
    Regional Attorney
    New York District Office
    33 Whitehall Street, 5th Floor
    New York, NY 10004-2112
    Telephone: (929) 506-5345
    E-mail: Kimberly.Cruz@eeoc.gov

    /s/ Alison Bitterly
    ALISON BITTERLY
    Trial Attorney
    Boston Area Office

15 New Sudbury Street, Room 475
Telephone: (617) 865-3693
E-mail: Alison.Bitterly@eeoc.gov