IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OPTION CARE HEALTH, INC.,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-12817 |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant OPTION CARE ENTERPRISES, INC., incorrectly sued herein as OPTION CARE HEALTH, INC. ("Defendant"), by and through its attorneys Seyfarth Shaw LLP, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby submits its Answer to the Complaint filed by Plaintiff UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC" or the "Commission"), and sets forth its Affirmative Defenses as follows:

### JURISDICTION AND VENUE

**COMPLAINT ¶1:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 104 of the PWFA, 42 U.S.C. § 2000gg-2(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:**

Defendant admits this Court has jurisdiction over this action pursuant to the statutes cited in Paragraph 1 of the Complaint. Defendant denies that this action is "authorized," to the extent the term is used to allege the claims raised are warranted. Defendant denies any violation of the PWFA and denies Plaintiff and/or the allegedly aggrieved individual are entitled to any relief whatsoever.

**COMPLAINT ¶2:**

The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

**ANSWER:**

Defendant admits venue is proper in this Court, based on the claims alleged. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint, denies any violation of the PWFA, and denies Plaintiff and/or the allegedly aggrieved individual are entitled to any relief whatsoever.

## PARTIES

**COMPLAINT ¶3:**

Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the PWFA, and is expressly authorized to bring this action pursuant to Section 104(a) of the PWFA, 42 U.S.C. § 2000gg-2(a).

**ANSWER:**

Defendant denies Plaintiff is "authorized" to bring this action, to the extent that term is used to allege the claims raised are warranted. Defendant admits the remaining allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

At all relevant times, Defendant has continuously been a Delaware corporation doing business in the Commonwealth of Massachusetts and has continuously had at least fifteen (15) employees.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 102(2)(B)(i) of the PWFA, 42 U.S.C. §2000gg(2)(B)(i).

**ANSWER:**

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

At all relevant times, Defendant has been a covered entity under Section 102(2) of the PWFA, 42 U.S.C. § 2000gg(2).

**ANSWER:**

Defendant admits that since the enactment of the PWFA on June 27, 2023, it has been a covered entity as that is described by the statute. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

## ADMINISTRATIVE PROCEDURES

**COMPLAINT ¶7:**

More than 30 days prior to the institution of this lawsuit, Charging Party filed a Charge of Discrimination with the EEOC alleging that Defendant violated the PWFA.

**ANSWER:**

Defendant admits that Kathryn F. Kelehan filed a charge of discrimination, and amended charge of discrimination, with the Commission more than thirty days prior to the institution of this lawsuit alleging Defendant discriminated against her and denied her an accommodation on the basis of her pregnancy in violation of the PWFA, among other allegations. Defendant denies that it violated the PWFA or any other law, and denies that it unlawfully discriminated against Ms. Kelehan or any other employee in any way.

**COMPLAINT ¶8:**

On June 18, 2025, after an investigation, the EEOC issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the PWFA and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

**ANSWER:**

Defendant admits that on June 18, 2025, the Commission issued to Defendant and Kathryn F. Kelehan a Letter of Determination purporting to find reasonable cause to believe that the PWFA was violated, and inviting Defendant to engage in conciliation. Defendant denies that reasonable cause existed to believe that the PWFA was violated, denies engaging in any unlawful employment practices, and denies that the Commission and/or Ms. Kelehan were (or are now) entitled to any relief.

**COMPLAINT ¶9:**

The EEOC then engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**ANSWER:**

Defendant admits that the Commission issued a Letter of Determination to Defendant and that the EEOC communicated with Defendant and/or its counsel. Defendant denies that it engaged in any discriminatory practice, and therefore denies that any communications with the EEOC provided an "opportunity to remedy" what did not exist in the first instance.

**COMPLAINT ¶10:**

The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

On June 24, 2025, the EEOC issued Defendant a Notice of Failure of Conciliation.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

**COMPLAINT ¶13:**

Option Care Health, Inc., an independent provider of infusion therapy, provides patients with in-home and virtual patient services, including in-person medication infusion therapy services, and operates its own pharmacies and infusion clinics nationwide.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

On or about October 2022, Charging Party began working for Defendant as a part-time Infusion Nurse out of Defendant's New Haven, Connecticut location.

**ANSWER:**

Defendant admits that on or about October 2022, Ms. Kelehan began working for Option Care Enterprises, Inc., a wholly owned subsidiary of Option Care Health, Inc., as a part-time Infusion Nurse. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

In her role as an Infusion Nurse, Charging Party attended to patient needs, including providing medication intravenously to patients, typically in their homes.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

In or about March 2023, Charging Party relocated to Rochester, New Hampshire, and began working out of Defendant's Massachusetts office.

**ANSWER:**

Defendant admits that in or about March 2023, Ms. Kelehan relocated to Rochester, New Hampshire. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Around the time of her relocation, Charging Party informed Regional Nurse Manager Danielle Davis that she was pregnant.

**ANSWER:**

Defendant admits that in or about March 2023, Ms. Kelehan told Danielle Davis, then-Regional Nurse Manager, that she was pregnant. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

On or about May 2, 2023, Charging Party emailed Nursing Supervisor Lisa Anderson and Regional Nurse Manager Davis, advising that her provider recommended that she limit her driving time to address pain she was experiencing in her back and legs in connection with her pregnancy.

**ANSWER:**

Defendant admits that on or about May 2, 2023, Ms. Kelehan emailed Lisa Anderson, Nursing Supervisor, and Ms. Davis. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶19:**

Charging Party requested "either shorter commutes (currently, I average about 1.5-2 hours one way) and/or possibly transitioning to virtual admissions/visits for the remainder of my pregnancy."

**ANSWER:**

Defendant admits the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Charging Party provided Regional Nurse Manager Davis with a list of towns within an hour's drive of her home that she would be comfortable traveling to for work assignments.

**ANSWER:**

Defendant admits that on or about May 9, 2023, Ms. Kelehan emailed Ms. Davis and Ms. Anderson. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶21:**

In the following weeks, Defendant continued to assign Charging Party to patients beyond the driving time limits she requested in her May 2, 2023 correspondence.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 21, as stated.

**COMPLAINT ¶22:**

There were patient visit assignments available within a 45–60-minute drive of Charging Party's home.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 22 of the Complaint, and further admits that Ms. Kelehan was assigned to such patient visits.

**COMPLAINT ¶23:**

On or about June 7, 2023, Charging Party again emailed managers Davis and Anderson to request an accommodation for her pregnancy-related condition.

**ANSWER:**

Defendant admits that on or about June 7, 2023, Ms. Kelehan emailed Ms. Davis and Ms. Anderson. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶24:**

On or about June 14, 2023, Ms. Davis told Charging Party to open a claim with Defendant's third-party administrator, Unum.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 24 of the Complaint, as stated.

**COMPLAINT ¶25:**

Charging Party did so on or about June 14, 2023.

**ANSWER:**

Defendant admits that on or about June 14, 2023, Unum was notified that Ms. Kelehan had a need for leave beginning on July 6, 2023 due to her own serious health condition. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Unum evaluated Charging Party's request as a request for leave and under the standards set forth in the Americans with Disabilities Act (ADA).

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 26 of the Complaint, and leaves Plaintiff to its proof.

**COMPLAINT ¶27:**

On or about June 20, 2023, Charging Party emailed managers Davis and Anderson attaching a note from her provider that read: "It is my medical opinion that [Charging Party] should have her commute time reduced and restricted to 45 minutes each way. She is currently 32 weeks pregnant. If you have any questions, please do not hesitate to contact the office."

**ANSWER:**

Defendant admits the allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

On or about June 22 and 23, 2023, Defendant again scheduled Charging Party to see patients outside of her requested driving time limits.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 28, as stated.

**COMPLAINT ¶29:**

On or around that time, Charging Party informed managers Davis and Anderson that she was unable to handle her assignments due to her provider's recommended driving time restrictions due to her pregnancy-related condition. She again followed up about her requested reasonable accommodable [sic].

**ANSWER:**

Defendant admits that Ms. Kelehan emailed Ms. Davis and Ms. Anderson on June 21, 2023. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶30:**

Ms. Davis responded to Charging Party to say that Defendant "need[ed] everything completed on Unums [sic] end to proceed with any accommodation."

**ANSWER:**

Defendant admits that Ms. Davis emailed Ms. Kelehan on June 21, 2023. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶31:**

Defendant did not accommodate Charging Party on June 22 or 23, 2023.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

There were patient visit assignments available within a 45–60-minute drive of Charging Party's home.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 32 of the Complaint, and further admits that Ms. Kelehan was assigned to such patient visits.

**COMPLAINT ¶33:**

The PWFA went into effect on June 27, 2023.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Unum did not have a process in place for evaluating Charging Party's request under the Pregnant Workers Fairness Act (PWFA), and continued to evaluate Charging Party's request as a request for leave under the Americans with Disabilities Act (ADA).

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 34 of the Complaint, and leaves Plaintiff to its proof.

**COMPLAINT ¶35:**

On June 27, 2023, Charging Party forwarded to Nursing Supervisor Anderson her June 7, 2023 email informing her and Regional Nurse Manager Davis that she was seeking a reasonable accommodation for a pregnancy-related condition.

**ANSWER:**

Defendant admits that on or about June 27, 2023, Ms. Kelehan emailed Ms. Anderson and forwarded them her June 7, 2023 email. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the documents.

**COMPLAINT ¶36:**

On or about June 27, 2023, Charging Party also emailed Defendant's Human Resources email address, stating:

> I have asked my manager and supervisor for accommodations regarding travel time to patients [sic] homes and switching to telework/temporary reassignment of my duties as a field nurse. With the new Pregnant Workers' Fairness Act being passed, I believe these accommodations should be made. My claim through Unum has not process (sic) as of today and my next days of work are the 29th and 30th. I had to call out of work last week due to the lack of accommodations I received because my Unum claim was not processed. Can you please help me with this. I am not receiving any feedback from my manager/supervisor and cannot afford to miss anymore work. Thank you.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

On the same day, Charging Party emailed managers Davis and Anderson a link to the EEOC's webpage on "Pregnancy Discrimination and Pregnancy-Related Disability Discrimination" at https://www.eeoc.gov/pregnancy-discrimination, and stated:

> Not sure if this act being passed changes [OCH] waiting to make accommodations for my pregnancy based on my Unum claim. From what I've read, asking for accommodations such as telework, temporary reassignment, decreasing hours worked are all reasonable accommodations under this new act. It was passed today, so figured I'd forward it to you both.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Ms. Davis responded to Charging Party later that day, stating that Charging Party's accommodation request "is 100% handled on Unum's end to make sure everything is handled properly."

**ANSWER:**

Defendant admits that Ms. Davis emailed Ms. Kelehan on June 27, 2023. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint on the grounds that Plaintiff paraphrases and selectively quotes from the document.

**COMPLAINT ¶39:**

At no point following June 27, 2023 did Defendant grant Charging Party a reasonable accommodation for her pregnancy-related condition.

11

**ANSWER:**

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Left without other options, and being required to choose between her health in pregnancy and her position with Defendant, Charging Party was forced to resign effective July 19, 2023.

**ANSWER:**

Defendant admits that on July 3, 2023, Ms. Kelehan voluntarily resigned her employment with Defendant effective July 19, 2023. Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

As a result of Defendant's actions, Charging Party suffered damages.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## STATEMENT OF CLAIMS

**COMPLAINT ¶42:**

Since approximately June 27, 2023, Defendant has engaged in unlawful employment practices in violation of Section 103(1) of the PWFA, 42 U.S.C. § 2000gg-1(1), by failing to make reasonable accommodations to known limitations related Charging Party's childbirth or related medical conditions.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Since approximately June 27, 2023, Defendant has engaged in unlawful employment practices in violation of Section 103(5) of the PWFA, 42 U.S.C. § 2000gg-1(5), by constructively discharging Charging Party because of her request for a reasonable accommodation for known limitations related to her childbirth or related medical conditions.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

The unlawful employment practices complained of above were intentional.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

The unlawful employment practices complained of above were done with malice or with reckless indifference to Charging Party's federally protected rights.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from failing to make reasonable accommodations to the known limitations related to a qualified employee's pregnancy, childbirth, or related medical conditions.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from denying employment opportunities to, or taking adverse actions against, a qualified employee because of that employee's request or use of a reasonable accommodation to the known limitations related to the employee's pregnancy, childbirth, or related medical conditions, or because of the need to make such an accommodation.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals under the PWFA and that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Charging Party whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

      G.      Order Defendant to pay Charging Party punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper to the public interest.

      I.      Award the EEOC its costs of this action.

**ANSWER:**

Defendant denies that Plaintiff and/or the Charging Party are entitled to the injunctive, declaratory, monetary, or any other relief requested in Paragraphs A-I of its Prayer for Relief. Defendant further denies Plaintiff and/or the Charging Party are entitled to any relief whatsoever.

Any other allegations set forth in the Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## JURY TRIAL DEMANDED

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

**ANSWER:**

Defendant admits Plaintiff requests a jury trial on all questions of fact raised by its complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the defenses and denials set forth above, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are EEOC's burden to prove. Defendant further states that EEOC's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert any and all counterclaims, cross claims, and/or additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

1. The EEOC's claims are not actionable because any challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to pregnancy, or any other protected category.

2. Defendant engaged in good faith efforts to identify and provide Charging Party with a reasonable accommodation that did not pose an undue hardship to Defendant.

3. Defendant provided Charging Party with a reasonable accommodation.

4. To the extent EEOC alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

5. Defendant acted in good faith and established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices as required by law. The EEOC's claims for punitive damages are therefore barred.

Defendant reserves the right to raise additional affirmative defenses as may be discovery during the course of these proceedings.

**WHEREFORE,** having fully answered and responded to the allegations contained in the Complaint, Defendant respectfully requests that the Complaint be dismissed, with prejudice, in its entirety, that each and every prayer for relief contained in the Complaint be denied, that judgment be entered in favor of Defendant, that Defendant be awarded its costs and attorneys' fees in defending this matter, and that Defendant be granted such other and further relief as this Court may deem just and proper.

DATED: December 5, 2025

Respectfully submitted,

OPTION CARE ENTERPRISES, INC. incorrectly sued herein as OPTION CARE HEALTH, INC.

By Its Attorneys,

SEYFARTH SHAW LLP


*/s/ Christopher W. Kelleher*
Christopher W. Kelleher (BBO # 705508)
Two Seaport Lane
Suite 1200
Boston, MA 02210
ckelleher@seyfarth.com

Christopher DeGroff (*pro hac vice* application forthcoming)
233 S Wacker Dr., #8000
Chicago, IL 60606
(312) 460-5982
cdegroff@seyfarth.com

Samantha L. Brooks (*pro hac vice* application forthcoming)
sbrooks@seyfarth.com
975 F Street, N.W.
Washington, DC  20004-1454
Telephone:  (202) 463-2400
Facsimile:   (202) 828-5393

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been electronically filed and served upon all counsel of record using the CM/ECF system on this the 5th day of December, 2025.

    Alison Bitterly
    Trial Attorney
    U.S. Equal Employment Opportunity Commission
    Boston Area Office
    John F. Kennedy Federal Building
    15 New Sudbury St., Room 475
    Boston, MA 02203
    (617) 865-3693
    Alison.Bitterly@eeoc.gov

    */s/ Christopher W. Kelleher*
    Christopher W. Kelleher