**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> OPTION CARE HEALTH, INC., <br><br> Defendant. | Civil Action No. 1:25-cv-12817-MJJ |

**CONSENT DECREE**

The U.S. Equal Employment Opportunity Commission ("EEOC") brought this action against Defendant Option Care Health, Inc. ("Defendant" or "Option Care") under the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg-1–2000gg-6, to correct alleged unlawful employment practices related to pregnancy, childbirth, and related medical conditions and to provide appropriate relief to Charging Party Kathryn Kelehan Blackburn ("Ms. Kelehan" or "Charging Party"), who was allegedly formerly employed by Option Care Enterprises, Inc. (a wholly owned subsidiary of Option Care Health, Inc.).[1]  The EEOC alleged that Option Care failed to provide Ms. Kelehan with a reasonable accommodation for limitations relating to her pregnancy and constructively discharged her in violation of the PWFA.  Option Care denies these allegations and denies that it violated the PWFA or discriminated against Ms. Kelehan in any way.

The EEOC and Option Care (collectively, the "Parties") have agreed that this action should be resolved by entry of this Consent Decree ("Decree") and to avoid the additional expense and other burdens that continued litigation of this case would involve. The Parties, therefore,

---

[1]     The Answer asserts that Option Care Enterprises, Inc. is the correct defendant in the action. Doc. No. 7. Aside from this assertion, Defendant Option Care Health, Inc. maintains that it will execute its obligations under this Decree.

hereby stipulate and consent to the entry of this Decree as final and binding on the Parties. This Decree does not constitute a finding on the merits of the case.

In consideration of the mutual promises of the Parties, the sufficiency of which is hereby acknowledged, it is agreed, and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## GENERAL PROVISIONS

### Purpose of this Decree

1. The Decree is final and binding on the Parties and resolves all issues that were raised in the EEOC's Complaint, which arose from EEOC Charge of Discrimination number 523-2023-02734, which served as a jurisdictional prerequisite in this case. This Decree in no way affects the EEOC's right to process any pending or future charges that may have been or will be filed against Option Care, or to commence civil actions on any such charges.

2. The EEOC and Option Care agree that this Court has jurisdiction over the subject matter of this litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree and its terms.

3. The terms of this Decree represent the full and complete agreement of the Parties. Signatories to this Decree represent that their signatures affixed hereto are voluntary, that they understand the obligations contained herein, and confirm that they are fully authorized to agree to the terms.

### Definitions

4. Day or days: Refers to calendar days.

5. Effective Date: The date the Decree is docketed by the Clerk of the Court after it is

signed by and/or receives approval from the Court.

6.    Employee: Refers to the definition of the term "employee" in the PWFA.

7.    Employer: Refers to the definition of the term "employer" in the PWFA.

8.    Geographic Scope: Refers to the states of Massachusetts, Vermont, New Hampshire, Maine, Rhode Island, and Connecticut.

## Amendments to this Decree

9.    By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, mutually agreed upon by the EEOC and Option Care, and approved or ordered by the Court, unless specifically set forth herein.

## Severability

10.    If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect.  The Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful unenforceable, or incapable of performance, except to the extent that the intent of this Decree would be undermined.

## Dispute Resolution

11.    A breach of any term of this Decree by Option Care will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Option Care fails to perform any of the terms contained herein, and nothing in this Decree precludes Option Care from challenging any such

proceeding.

12.    If the EEOC believes that Option Care has failed to comply with any provision(s) of this Decree, it will notify Option Care through counsel.  The Parties will confer in good faith before any motion practice to attempt resolution of any purported non-compliance with this Decree. The EEOC will afford Option Care thirty (30) days to remedy the alleged non-compliance or to demonstrate that it remains in compliance with the Decree.

13.    This Decree will be construed by this Court under applicable federal law.

**Notices**

14.    Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient if emailed to the following persons (or their designated successors):

For the EEOC:    Elizabeth A. Figueira
Assistant Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

Alison Bitterly
Trial Attorney
Boston Area Office
15 New Sudbury Street, Room 475
Boston, MA 02203

Email: elizabeth.figueira@eeoc.gov,
alison.bitterly@eeoc.gov and
decreemonitor.nydo@eeoc.gov

For Option Care:    Christopher DeGroff
Seyfarth Shaw LLP
233 S Wacker Dr., #8000
Chicago, IL 60606
(312) 460-5982
cdegroff@seyfarth.com

4

Any party may change such addresses by written notice to the other parties setting forth contact information and an email address for this purpose.

## INJUNCTIVE RELIEF

### Injunctions

15.     Option Care shall not refuse to reasonably accommodate any qualified employee for a known limitation related to pregnancy, childbirth, or related medical condition or qualified employee affected by pregnancy, childbirth, or related medical conditions (including lactation) provided such request does not constitute an undue hardship.

16.     Option Care shall not take action against employees because of opposition to any practice declared unlawful under the PWFA, because of a request for accommodation related to a known limitation related to pregnancy, childbirth, or related medical condition, or because of the filing of a charge, the giving of testimony or assistance, or because of participation in any manner in any investigation, proceeding, or hearing.

### Postings, Notices, and Messages

17.     Within seven (7) days of the Effective Date of the Decree, Option Care will confirm that it has posted the EEOC's most recent "Know Your Rights-Workplace Discrimination is Illegal" in all Option Care's locations within the Geographic Scope.  Option Care will ensure copies of the poster are posted in English and in Spanish for the duration of the Decree.

18.     Within seven (7) days of the Effective Date of the Decree, Option Care will post a PDF copy of the Notice to Employees (attached hereto as Exhibit A) in all Massachusetts and New Hampshire offices, signed by Option Care's Chief Human Resources Officer.  Option Care will also distribute the PDF copy of the Notice, via e-mail, to all infusion nurses who work within the Geographic Scope of this Decree.  With at least seven (7) business days' prior notice, Option Care shall permit a representative of the EEOC to enter its Massachusetts and New Hampshire facilities

for purposes of verifying compliance with this Paragraph at a mutually agreeable time during normal business hours.

19.    On the Effective Date anniversary for each year this Decree is in effect, Option Care's Chief Human Resources Officer shall release a video message containing a statement of the company's commitment to ensuring—at a minimum—that Option Care provides employees reasonable accommodations for known limitations related to pregnancy, childbirth or related medical conditions and reasonable accommodations for employees affected by pregnancy, childbirth, or related medical conditions.  Nothing in this Paragraph is meant to limit what is addressed in the annual statement, but only to identify the minimum content of such a message.

## Pregnancy Accommodation Policy

20.    Within thirty (30) days of the Effective Date, Option Care will issue the "Option Care Health Team Member Handbook" that contains a Pregnancy Accommodation Policy with the following components:

a.  A description of employee rights under the PWFA;

b.  A description of Option Care's obligations under the PWFA, including its commitment to make reasonable accommodations to known limitations related to the pregnancy, childbirth, or related medical condition of a qualified employee or applicant and its commitment to make reasonable accommodations for qualified employees affected by pregnancy, childbirth or related medical conditions absent an undue hardship on the operation of the business;

c.  An explanation of the process to request accommodations for known limitations related to pregnancy, childbirth, or related medical conditions under the PWFA;

6

d. An explanation of the process through which an employee may request a reasonable accommodation under the PWFA for a pregnancy-related limitation, including details concerning the process, and any process for involving Option Care's third-party administrator, if any;

e. A statement that an employee who is temporarily unable to perform one or more essential functions of her job, and who therefore needs light duty or a change in her work assignments, may be able to get such a change as a reasonable accommodation under the PWFA;

f. A statement that simple accommodations, including pregnancy-related requests for access to water, additional restroom breaks, allowing sitting and standing, or additional breaks for eating and drinking do not require medical support;

g. A statement that Option Care will not require a qualified employee to take leave if another reasonable accommodation under the PWFA can be provided; and

h. A statement that an employee may not be retaliated against for requesting a reasonable accommodation under the PWFA.

### PWFA Training

21.     Within sixty (60) days of the Effective Date, Option Care shall provide a one-hour, live (including streaming) PWFA training to all Human Resources ("HR") employees.  Newly hired HR employees will be given the training via recording within seven (7) days of their start date or the date HR responsibilities were assumed during the duration of the Decree.

22.     Within sixty (60) days of the Effective Date, Option Care shall provide one-hour, live (including streaming) PWFA training to all employees with managerial or supervisory

responsibilities, except C-suite level managers, within the Geographic Scope.  This training will be conducted on an annual basis during the duration of this Decree and shall be conducted by an independent provider with subject matter knowledge acceptable to the EEOC. *See infra* ¶ 23. The training program will address the federal laws that apply to employees and applicants affected by pregnancy, childbirth, or related medical conditions.  At a minimum, the training for Option Care personnel identified in Paragraph 21 and this Paragraph shall address:

    a.  Employee's rights under the PWFA;

    b.  What it means to be a "qualified" employee or applicant;

    c.  Option Care's obligation to make reasonable accommodations to the known limitations related to pregnancy, childbirth or related medical conditions of qualified employees, absent an undue hardship;

    d.  The definition of "known limitation;"

    e.  The meaning of "pregnancy, childbirth, or related medical conditions;"

    f.  The definition of "undue hardship;"

    g.  Option Care's duty to provide qualified employees affected by pregnancy, childbirth, or related medical conditions reasonable accommodations;

    h.  The ways in which an employee or applicant can request a reasonable accommodation for the known limitations related to pregnancy, childbirth or related medical conditions;

    i.  How to respond to a request for an accommodation for the known limitations related to pregnancy, childbirth or related medical conditions, including how to avoid retaliating against those who request or use a reasonable accommodation for the known limitations related to pregnancy, childbirth or related medical conditions;

j.  The need for an interactive process in the context of a request for an accommodation for the known limitations related to pregnancy, childbirth or related medical conditions;

k.  The availability of assistance with identifying possible reasonable accommodations for the known limitations related to pregnancy, childbirth or related medical conditions, including through consultation with the Job Accommodation Network (JAN) (https://askjan.org/);

l.  The similarities and differences in accommodations processes under the ADA and PWFA;

m.  Option Care's Pregnancy Accommodation Policy;

n.  To whom an employee and/or applicant should report allegations of PWFA discrimination and PWFA requests for accommodation; and

o.  Appropriate steps for investigating allegations of PWFA discrimination.

23.    The training identified in Paragraphs 21 and 22 will be developed and delivered by independent third-party professionals with subject matter knowledge about the PWFA and other federal laws that apply to employees or applicants affected by pregnancy, childbirth, or related medical conditions including Title VII, the ADA, the FMLA and the PUMP Act.  Option Care will provide the EEOC with the identity and curriculum vitae of the trainer within ten business (10) days of the Effective Date, and the EEOC will identify any concerns about the credentials of the trainer within five (5) business days. If EEOC requests a replacement trainer, Option Care will have ten (10) business days to identify a new trainer that meets the standards identified in this paragraph.  Option Care shall have forty-five (45) days from the EEOC's agreement to the replacement trainer to complete the training identified in Paragraph 21 and 22.

24.     Within fifteen (15) business days after completion of each training session, Option Care will certify to the EEOC in writing via email to elizabeth.figueira@eeoc.gov, alison.bitterly@eeoc.gov, and decreemonitor.nydo@eeoc.gov:

a.  confirmation that the training was conducted,

b.  copy of all content of such training (including training materials and handout materials);

c.  description of the method of presentation;

d.  length of training course; and

e.  names and job titles of attendees as well as the names and titles of the employees who did not attend training as required (if any).

25.     Within one hundred-eighty (180) days of the Effective Date, Option Care shall have at least one (1) member of its HR team who is responsible for HR matters for employees within the Geographic Scope of the Decree receive certification of competency in the PWFA accommodations process from an HR certification program.  Within forty-five (45) days of the Effective Date, Option Care shall identify the certification program(s) it intends to have its HR employee obtain, and the name of the HR employee identified by Option Care to obtain the certification.

**Reporting of accommodations requested pursuant to the PWFA and complaints related to requests for accommodation pursuant to the PWFA**

26.     Every six (6) months from the Effective Date of the Decree, Option Care shall submit to the EEOC a report in the form of an Excel spreadsheet with respect to (a) employees who request an accommodation pursuant to the PWFA, and (b) complaints (formally or informally, written or spoken, named complainant or anonymous) relating to the failure to provide reasonable accommodations to qualified employees with known limitations related to pregnancy, childbirth,

or related medical conditions or qualified employees affected by pregnancy, childbirth, or related medical conditions during the prior six-month period.

    a.  With respect to category (a), Option Care shall provide the following information:

        i.  Employee name, job title, email address, and telephone number;

        ii.  Description of requested accommodation;

        iii.  Date Option Care received the accommodation request; and

        iv.  Summary of any action taken by Option Care, including the outcome (granted, granted with specified modifications, or denied).

    b.  With respect to category (b), Option Care shall provide the following information:

        i.  Complainant name, job title, email address, and telephone number or a notation that the complaint was anonymous;

        ii.  Date Option Care received the complaint;

        iii.  Detailed summary of the complaint, including the identification of dates, key documents, actors and witnesses; and

        iv.  Summary of any action taken by Option Care.

27.    The EEOC may further investigate matters reported in the reports contemplated by Paragraph 26 of this Decree using reasonable measures identified in Paragraph 12, including but not limited to requests for additional documents and interviews with Option Care personnel.

## **MONETARY RELIEF AND PROCEDURES**

28.    Within thirty-five (35) days of the Effective Date of the Decree, Option Care will pay Charging Party the sum of fifty thousand dollars ($50,000.00) to be allocated as follows:

    a.  A check made payable to "Kathryn Blackburn" in the amount of fifteen thousand two hundred fifty-eight thirty dollars and twenty-two cents ($15,258.22) shall be

issued representing lost wages, from which payroll withholdings will be made and for which an IRS Form W-2 will be issued; and

b. A check made payable to "Kathryn Blackburn" in the amount of thirty-four thousand seven hundred forty-one dollars and seventy-eight cents ($34,741.78) shall be issued representing compensatory damages from which no withholding shall be made and for which an IRS Form 1099 will be issued.

c. Both checks shall be delivered to Charging Party via overnight mail (with tracking and delivery information) to an address to be provided by the EEOC upon execution of this Decree.

d. Within fifteen (15) days after the Effective Date, the EEOC will provide Option Care with IRS Forms W-4 and W-9 completed and executed by Charging Party.

29. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Option Care with a copy of the 1098-F form that it will provide to the Internal Revenue Service ("IRS").

30. Option Care's EIN is: 68-0208702. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

> Kiesha Mayes
> VP, Deputy General Counsel
> Option Care Enterprises, Inc.
> 3000 Lakeside Drive
> Suite 300N
> Bannockburn, IL 60015

31. The EEOC has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision

12

of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.  The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## DURATION OF THE DECREE

32.    This Decree will remain in effect for two (2) years from the Effective Date, unless extended by order of this Court, except that if any disputes remain unresolved at the end of the term of the Decree, the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

33.    The Court will retain jurisdiction over this action to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

## MISCELLANEOUS PROVISIONS

34.    Except as otherwise provided herein, the Parties will bear their own expenses, attorneys' fees, and costs.

35.    When this Decree requires a certification by Option Care of any fact(s), such certification must be made under oath or penalty of perjury by an officer or management employee of Option Care.

36.    The terms of this Decree are and shall be binding upon Option Care; and all successors and assigns of Option Care.  Prior to any sale or other transfer of Option Care's business or sale or other transfer of all or a substantial portion of Option Care's assets, Option Care shall

13

provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

37.    Option Care will provide written notice of any such sale or transfer to the EEOC at least twenty-one (21) days before it occurs.  In the event of any such change, the terms of this Decree will apply to the new owner or operator to the maximum extent possible under the federal law of successor liability.

## **SIGNATURES**

38.    Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the Parties on whose behalf each party signs.  By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree and agrees to be bound by the terms of this Decree.

[signatures to follow on the next pages]

14

For Plaintiff EEOC:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel
CHRISTOPHER LAGE
Deputy General Counsel
131 M Street NE
Washington, D.C. 20507

/s/  Kimberly A. Cruz    Digitally signed by Kimberly A. Cruz
Date: 2026.06.22 16.22.04 -04'00'
KIMBERLY A. CRUZ
Regional Attorney
ELIZABETH FIGUEIRA
Assistant Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5345
kimberly.cruz@eeoc.gov
(929) 506-5357
elizabeth.figueira@eeoc.gov

ALISON BITTERLY
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
15 New Sudbury Street, Room 475
Boston, MA 02203
(617) 865-3693
alison.bitterly@eeoc.gov

For Defendant:

*Michael Bavaro*

_____

Michael Bavaro
Chief Human Resources Officer &
Chief Diversity Officer

As to Form Only:

*/s/ Christopher W. Kelleher*
Christopher W. Kelleher, BBO 705508
SEYFARTH SHAW LLP
Two Seaport Lane
Suite 1200
Boston, MA 02210
ckelleher@seyfarth.com

*/s/ Christopher J. DeGroff*
Christopher DeGroff (admitted *pro hac vice*)
Seyfarth Shaw LLP
233 S Wacker Dr., #8000
Chicago, IL 60606
(312) 460-5982
cdegroff@seyfarth.com
*Attorney for Defendant*

SO ORDERED this __24__ day of _____June_____, 2026.

/s/ Myong J. Joun
_____
The Honorable Myong J. Joun
United States District Judge